Filed 12/20/22  P. v. Sierra CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G061441 |
| v. | (Super. Ct. No. 06HF1573) |
| FRANCISCO SIERRA, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from an order of the Superior Court of Orange County, Andre Manssourian, Judge.  Affirmed.

Shay Dinata-Hanson, under appointment by the Court of Appeal, for Defendant and Appellant.

\*          \*          \*

The trial court denied defendant Francisco Sierra's Penal Code section 1170.95 petition seeking to vacate his murder conviction and to be resentenced (now Pen. Code, § 1172.6).[1]

Sierra filed an appeal. Appointed counsel filed an opening brief raising no arguable issues. (See *People v. Wende* (1979) 25 Cal.3d 436; *Anders v. California* (1967) 386 U.S. 738.) Sierra did not file a supplemental brief on his own behalf.

In the interests of justice, this court has reviewed the record and found no *arguable* issues. (See *People v. Flores* (2020) 54 Cal.App.5th 266, 268.) Thus, we affirm the order of the trial court.

I

BRIEF FACTS AND PROCEDURAL HISTORY

In August 2006, Sierra admitted shooting Andres Hernandez, but he said it was in self-defense. In July 2009, a jury found Sierra guilty of murder and found true an enhancement for personally discharging a firearm causing death. (§§ 187, 12022.53, subd. (d).) The trial court imposed a sentence of 15 years to life for the murder, plus a consecutive 25 years for the firearm enhancement. This court affirmed the judgment on direct appeal. (*People v. Sierra* (Sept. 24, 2010, G042514) [nonpub. opn.].)

In December 2021, Sierra filed a petition for resentencing. Sierra averred: "There has been a prior determination by a court or jury that I was not a major participant and/or did not act with reckless indifference to human life under Penal Code § 190.2(d). Therefore, I am entitled to be re-sentenced pursuant to § 1170.95(d)(2)." The prosecution filed a response. The response included copies of the charging document, the court's instructions, and the jury's verdict forms.

---

[1] Further undesignated statutory references are to the Penal Code. The Legislature renumbered former section 1170.95 without substantive change, effective June 30, 2022. (Stats. 2022, ch. 58, § 10.)

In May 2022, the trial court summarily denied Sierra's petition without issuing an order to show cause in a written minute order: "The petition does not set forth a prima facie case for relief under the statute."

II

DISCUSSION

When appointed counsel has identified no arguable issues on appeal, an appellate court independently reviews the record for any *arguable* issues. (*People v. Wende*, *supra*, 25 Cal.3d at pp. 441-442.) Generally, "an arguable issue on appeal consists of two elements. First, the issue must be one which . . . is meritorious. That is not to say that the contention must necessarily achieve success. Rather, it must have a reasonable potential for success. Second, if successful, the issue must be such that, if resolved favorably to the appellant, the result will either be a reversal or a modification of the judgment." (*People v. Johnson* (1981) 123 Cal.App.3d 106, 109.)

Here, at the time of the trial, the court instructed the jury regarding the felony-murder rule, but the prosecution did not allege a felony-murder special-circumstance enhancement. (See § 190.2, subd. (d).) Thus, the jury did not make a finding that Sierra was not a major participant and/or that he did not act with reckless indifference to human life as he alleges in his petition. (See § 190.2, subd. (d).)

Effective January 1, 2022, the statute provides: "If the court declines to make an order to show cause, it shall provide a statement fully setting forth its reasons for doing so." (§ 1172.6, subd. (c); Senate Bill No. 775 (2020-2021 Reg. Sess.); Stats. 2021, ch. 551, § 2.)

In this case, the trial court committed a procedural error by not fully setting forth its reasons for denying Sierra's petition. However, without considering the facts of the case, Sierra is still liable under current law because the jury's guilty verdict on the murder charge and its true finding on the firearm enhancement establish that he was the

3

actual killer.  (See § 189, subd. (e)(1).)  In other words, the error could not result in a reversal or a modification of the court's ruling; therefore, the procedural error is not an *arguable* issue on appeal.[2]  (See *People v. Johnson*, *supra*, 123 Cal.App.3d at p. 109.)

In sum, after our independent review, we find Sierra is ineligible for relief under section 1172.6 as a matter of law and the trial court properly denied the petition at the prima facie stage.  (See *People v. Lewis* (2021) 11 Cal.5th 952, 961-970.)

III

DISPOSITION

The order is affirmed.


MOORE, ACTING P. J.

WE CONCUR:


MOTOIKE, J.


DELANEY, J.

---

[2] Although the error is harmless in this case, we caution the trial court to be mindful of its obligations under section 1172.6, subdivision (c), in all future relevant proceedings.